

**ORDERED in the Southern District of Florida on April 28, 2016.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-32212-RAM |
| MARIA ISABEL GARCIA, | : | CHAPTER 7 |
| Debtor. | : | |
| _____/ | | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came before the Court on April 28, 2016 at 10:00 A.M. to consider the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (D.E. #46) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and the Court, having reviewed the file, the Motion and the argument of Trustee's Counsel's, noting that the Debtor appeared at the hearing, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the settlement is **APPROVED**.

2. The Debtor will pay the Trustee a total sum of $7,170.00 as follows:

    a. $5,000.00 paid on or before April 15, 2016; and

    b. $2,170.00 to be paid in seven (7) equal monthly payments of $310.00 to be made on the 1st day of each month starting on May 1, 2016 and ending on November 1, 2016.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

5. As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Objection to Debtor's Claim of Exemptions [D.E. #34] as Moot.

6. As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Motion for Turnover of Vehicle [D.E. #36] as Moot.

7. As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Motion for Turnover of Tax Refund [D.E. 38] as Moot.

8. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the

Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

9. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

10. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

11. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

12. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

13. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

14. If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

15. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

16. The settlement proceeds of $7,170.00 are allocated as follows:

- $5,150.00    (attributable to the Household Goods and Furnishings);

- $2,020.00    (attributable to the 2015 Income Tax Refund.

17. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail   yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*